IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Bank of Camden, | ) | Civil Action No. 8:14-cv-01050-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Michael R. Hooker, Talmadge Knight, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Bank of Camden ("Plaintiff") filed this action seeking to recover unpaid money due Plaintiff under two promissory notes guaranteed by Defendant Michael R. Hooker ("Hooker") and Defendant Talmadge Knight ("Knight") (collectively "Defendants"). (ECF No. 1.)

This matter is before the court by way of an unopposed motion for summary judgment by Plaintiff pursuant to Federal Rule of Civil Procedure 56. (ECF No. 14.)[1] For the reasons set forth below, the court **GRANTS** Plaintiff's motion for default judgment, as to Hooker, and Plaintiff's motion for summary judgment, as to Knight.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on February 20, 2014. (ECF No. 1.) On May 12, 2014, Knight filed a general denial to Plaintiff's complaint. (ECF No. 7.) In his general denial, Knight alleged that "Plantation Alliance [the "Borrower"] believes that the collateral which secures the Note and any Guaranty is worth at least the amount of the debt." (*Id.* at 2.) Hooker failed to answer the complaint, move in response to the complaint, or otherwise defend within twenty-one (21) days

---

[1] The court notes that Hooker failed to answer Plaintiff's complaint (ECF No.1). As a result, the court construes Plaintiff's motion against Hooker as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

1

after the service of process. (*See* ECF No. 14 at 3.)[2] Thereafter, Plaintiff filed a motion for summary judgment on July 23, 2014. (*See id.*) Defendants did not respond to Plaintiff's motion for summary judgment within the August 11, 2014 deadline set by the court.

## LEGAL STANDARD

A.  Default Judgment

Federal Rule of Civil Procedure 55(b)(1) provides for the entry of default judgment by the court against a party in default. When a defendant defaults, or otherwise fails to defend, the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). If the court determines that liability is established, it must then determine the appropriate amount of damages. *Id.* In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

B.  Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

---

[2] On May 27, 2014, Hooker emailed Plaintiff offering to issue Plaintiff a "Deed in Lieu . . . for the defaulted loan." (ECF No. 14-5.) The court, however, does not interpret this as an "answer" to Plaintiff's complaint.

In ruling on a motion for summary judgment, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

C.    Guaranties of Payment

"A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor at maturity." *AMA Management Corp. v. Strasburger*, 420 S.E.2d 868, 872 (S.C. Ct. App. 1992). Thus, "[u]nder an absolute guaranty of payment, the creditor may maintain an action against the guarantor immediately upon default of the debtor." *Peoples Federal Sav. and Loan Ass'n v. Myrtle Beach Retirement Group, Inc.*, 300 S.C. 277, 281 (1989).

**ANALYSIS**

In this matter, Hooker failed to respond to Plaintiff's complaint. Therefore, Plaintiff's allegations in the complaint are deemed admitted, and it is entitled to a default judgment against Hooker pursuant to Fed. R. Civ. P. 55(b)(1). *See Bank Meridian, N.A. v. Motor Yacht "It's 5*

3

*O'Clock Somewhere" Official No. 1073764*, C/A No. 9-594, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011).

Although Knight responded to Plaintiff's complaint (ECF No. 7),[3] Knight has failed to respond to Plaintiff's motion for summary judgment. Thus, the court finds that even when construing all the inferences in favor of Knight, there is no genuine issue as to any material fact, and Plaintiff is entitled to summary judgment.

The evidence shows that on August 10, 2010, Defendants guaranteed payment of loans issued by Georgia Bank & Trust Company of Augusta ("Georgia Bank") to Plantation Alliance, LLC ("Plantation"). (ECF No. 14-3.) The loans are evidenced by two promissory notes that have

---

[3] In Knight's answer to Plaintiff's complaint, Knight alleged that Plaintiff must foreclose its collateral before seeking judgment on the guaranties. (ECF No. 7 at 2.) The court takes this opportunity to entertain the merits of Knight's contention. The court finds that Plaintiff does not have to foreclose its collateral before seeking judgment on the guaranties. A guaranty is a contract that must be "construed based on the language used by the parties to express their intention." *TransSouth Financial Corp. v. Cochran*, 478 S.E.2d 63, 65 (S.C. Ct. App. 1996). Accordingly, the court finds that the language used in the guaranties in question makes clear that Plaintiff does not have to foreclose its collateral before seeking judgment on the guaranties. The guaranties provide as follows:

> **UNCONDITIONAL LIABILITY.** I am unconditionally liable under this Guaranty, regardless of *whether or not* you pursue *any of your remedies* against the *Borrower*, against any other maker, surety, guarantor or endorser of the [d]ebt or against any [p]roperty. You may sue me alone, or anyone else who is obligated on this Guaranty, or any number of us together, to collect the [d]ebt. . . . I will remain obligated to pay on this Guaranty even if any other person who is obligated to pay the [d]ebt, including the Borrower, has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law.

(ECF No. 14-3 (emphases added).) This language makes clear that Plaintiff can pursue judgment on the guaranties prior to or simultaneous with the foreclosure of its collateral. *See, e.g., SCN Mortgage Corp. v. White*, 266 S.C. 141, 147 (1976) (where the South Carolina Supreme Court found that the language used in the guaranty did not require the plaintiff "to foreclose its mortgage over the real estate owned by the [borrower] simultaneously with, or as a condition precedent to, a direct suit against [the defendant] under the guaranty agreement[.]") (*overruled on other grounds* by *SCN Mortg. Corp. v. White*, 312 S.C. 384, 386 (1994)). Any funds generated from the sale of Plaintiff's collateral, however, would be credited against the instant judgment rendered by the court.

been modified, are in default, and have matured. (ECF No. 14-4.) The loans are also secured by a mortgage on certain real property located in Edgefield County. (*Id.*) On July 26, 2013, Georgia Bank assigned all its interests in the notes, mortgage, guarantees, and any modifications to Plaintiff as assignee. (*See* ECF No. 14-2.) Despite demand, Plantation and Defendants, as guarantors, have failed to pay Plaintiff the balance due on the notes, together with interest, costs of collection, and attorney's fees. (ECF No. 14-4.)

The amount due on Note One (Loan: 0090905000) is Five Million One Hundred Sixty-Five Thousand Three Hundred Eight Dollars and Thirty-One Cents ($5,165,308.31) as of July 9, 2014, together with daily interest accruing of Four Hundred Forty-Five Dollars and Thirty-Two Cents ($445.32), costs of protection and collection, and attorney's fees. (*Id.*) The amount due on Note Two (Loan: 0090905100) is One Hundred Sixty-One Thousand Six Hundred Twenty-Four Dollars and Twenty-Five Cents ($161,624.25) as of July 9, 2014, together with daily interest accruing of Twenty Dollars and Eighty-One Cents ($20.81), costs of protection and collection, and attorney's fees. (*Id.*)

## CONCLUSION

Based on the foregoing, and upon careful consideration of the Complaint (ECF No. 1), the Note Modification Agreements (ECF No. 14-2), the Guaranties (ECF No. 14-3), the Promissory Notes (ECF No. 14-1), the affidavit of the amount of Defendants' default (ECF No. 14-4), and Plaintiff's motion for summary judgment (ECF No. 14), the court grants Plaintiff's motion and authorizes the clerk of court to enter judgment against Defendants Michael R. Hooker and Talmadge Knight in the amount of Five Million Three Hundred Twenty-Six Thousand Nine Hundred Thirty-Two Dollars and Fifty-Six Cents ($5,326,932.56) with interest accruing at the applicable rate from date of entry.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 15, 2014
Greenville, South Carolina

6